UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WADE C. ULRICH and ANITA SERRA,
Co-Conservators and Co-Guardians of
CARL ULRICH, a Protected Person,

      Plaintiffs,

v.                                                                                    Case No. 2:11-cv-15545
                                                                     Honorable Victoria A. Roberts

NATIONAL CASUALTY COMPANY,
ALLSTATE INSURANCE COMPANY,
GREAT AMERICAN ASURANCE,
COMPANY,

      Defendants.
_____/

## ORDER

On November 27, 2012, the Court issued an Order (Doc #40) that it would not permit the parties to stipulate to the addition of a non-diverse defendant, Auto Club Group Insurance Company ("AAA") unless they were prepared to have the case remanded to state court after joinder, as required by 28 U.S.C. §1447(e).

28 U.S.C. §1447(e) says that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

On November 6, 2012, Defendant Great American Assurance Company filed a Motion for Reconsideration (Doc. #42) arguing that the Court misconstrued Defendant's original argument and that the Court can exercise supplemental jurisdiction over Plaintiff's proposed claim against AAA.

In its discretion, the Court can grant a motion for reconsideration if it is

demonstrated that a palpable defect misled the Court in its ruling, correction of which would result in a different disposition. L.R. 7(g)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

There is no palpable defect. The Court will be divested of proper jurisdiction after removal by joinder of non-diverse parties. *See Cornerbank, N.A. v. New York Life & Annuity Corp.,* 2008 U.S. Dist. LEXIS 94365 (D. Kan. Nov. 18, 2008)(holding that plaintiff's proposed addition of non-diverse parties, post removal, triggered and violated 28 U.S.C. §1367(b) and would destroy federal diversity jurisdiction)*; see also Griffin v. Lee,* 621 F.3d 380 (5th Cir. La. 2010)(declining to exercise supplemental jurisdiction over claim because barred under 1367(b) in a post removal diversity action); *Casas Office Machs. v. Mita Copystar Am.*, 42 F.3d 668, 674, n.7 (1st Cir. 1994)(same).

In a post-removal action, the addition of a non-diverse party destroys jurisdiction and triggers 28 U.S.C. 1447(e). *See e.g. Phillip-Stubbs v. WalMart Supercenter*, 2012 U.S. Dist. LEXIS 76984 ( E.D. Mich. May 25, 2012) ("A post-removal attempt to add non-diverse parties, whether by right or by leave, implicates section 1447(e) and requires the court to exercise discretion and adopt one of the two options available to it."); *Mackey v. J.P. Morgan Chase Bank, N.A*., 2011 U.S. Dist. LEXIS 72301 ( E.D. Mich. July 6, 2011) ("Because Continental Interiors evidently is a Michigan corporation with its principal place of business in Michigan, and Plaintiff likewise is a Michigan resident, the joinder of Continental Interiors as a party would defeat the requisite complete diversity of citizenship among the parties and destroy this Court's subject matter jurisdiction, thereby necessitating a remand under 28 U.S.C. § 1447(e)"); *Kujat v.*

*Harbor Freight Tools USA, Inc.*, 2010 U.S. Dist. LEXIS 89205 ( E.D. Mich. Aug. 30, 2010)(same).

In this removal action, both Plaintiff and proposed Defendant AAA are citizens of Michigan.  If the Court grants the parties' stipulation to add AAA as a Defendant, it would destroy federal jurisdiction and implicate 28 U.S.C. §1447(e).  The parties do not dispute that the application of 28 U.S.C. 1447(e) would require remand.

The Court **DENIES** Defendant's motion for reconsideration.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  December 20, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 20, 2012. <br><br> s/Linda Vertriest <br> Deputy Clerk |